IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Antonio Tillman, )<br>) Cr. No. 1:10-0466<br>Movant, )<br>)<br>vs. )<br>) **OPINION AND ORDER**<br>United States of America, )<br>)<br>Respondent. )<br>_____) | |

Movant Jermaine Antonio Tillman is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FMC-Lexington in Lexington, Kentucky. On August 20, 2012, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

This matter is before the court on Respondent's motion for summary judgment, which motion was filed on August 23, 2012. By order filed August 23, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on September 20, 2012.

I. FACTS

Movant was indicted on April 21, 2010, for conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count 1).[1] On June 9, 2010, the United States filed an information pursuant to 21 U.S.C. § 851 that indicated Movant was subject to increased penalties because he had a prior felony drug conviction in Richmond County, Georgia in 2003.

---

[1] A superseding indictment was filed on August 20, 2010, that contained no new charges against Movant.

On November 1, 2010, Movant pleaded guilty to Count 1 of the indictment. Among other things, Movant stipulated and agreed in his written plea agreement that he has a prior felony drug conviction that has become final and that the government had filed a § 851 information. Movant further agreed not to contest the § 851 information.

A presentence investigation report was prepared in which it was noted that Movant faced a statutory sentence of 240 months to life imprisonment because of his prior felony drug conviction. With respect to the United States Sentencing Guidelines, Movant was determined to have a total offense level of 41 and a criminal history category of I, which subjected him to a sentencing guidelines range of 324-405 months. However, the court applied a variance based on the powder cocaine to crack cocaine disparity and utilized a 1:1 ratio. As a result, Movant was determined to have a total offense level of 39 and a criminal history category of I, for a sentencing guidelines range of 262-327 months. On June 30, 2011, Movant was sentenced to incarceration for a period of 262 months. Judgment was entered on July 7, 2011.

Movant filed a notice of appeal on July 8, 2011. On May 22, 2012, the Court of Appeals for the Fourth Circuit denied in part the government's motions to dismiss and affirmed the remainder of the judgment. See United States v. Tillman, 482 F. App'x 773 (4th Cir. 2012).

## II. DISCUSSION

Movant asserts that he his legally innocent of the § 851 enhancement because his prior offense was not a crime punishable by a term of imprisonment that exceeds one year. Movant states that he did not receive a custodial sentence, but was placed on probation for a period of five years. Movant relies on the decision of the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit applied Carachuri-Rosendo v. Holder, 130 S. Ct. 2577

(2010), to establish that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law.

As an initial matter, the Fourth Circuit held recently that Simmons is not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Accordingly, Movant's claim is not cognizable. Even if Movant were able to assert his claim, Movant's prior conviction for possession of cocaine, in violation of the Georgia Controlled Substances Act, Ga. Code Ann. § 16-13-30, subjected him to imprisonment for not less than two years nor more than fifteen years. Id. 16-13-30(c). To determine whether a conviction qualifies as a felony offense, the court must look at the range of penalties to which Movant potentially was subject, and not to the sentence actually imposed. See United States v. Williams, 508 F.3d 724, 728 (4th Cir. 2007); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012).

In his response in opposition, Movant further raised an issue of ineffective assistance of counsel. Movant asserts that, had counsel explained the consequences of the alleged error, Movant would not have entered into the plea agreement. It is axiomatic that failure to raise a meritless claim cannot serve as a ground for ineffective assistance of counsel. See Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994).

For these reasons, the government's motion for summary judgment (ECF No. 1009) is **granted**. Movant's § 2255 motion is **denied and dismissed**, with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 8, 2013

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**