IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:10-466 |
| vs. ) | |
| ) | |
| Jermaine Antonio Tillman, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On November 1, 2010, Defendant Jermaine Antonio Tillman pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Under 21 U.S.C. § 841(b)(1)(A) as then in effect, Defendant was subject to a mandatory term of 20 years to life imprisonment based upon an Information filed pursuant to 21 U.S.C. § 851 seeking an enhanced sentence based on one prior felony drug offense.

A presentence report was prepared that attributed to Defendant 29.7 kilograms of marijuana, 12,916 grams of cocaine, 11,055.9 grams of cocaine base, and 100 pills of ecstasy, for a marijuana equivalent of 223,855.9 kilograms. Defendant's criminal history points equaled 0, to establish a criminal history category of I. Defendant's base offense level was 36. He received a 2-point increase for possession of a firearm and a 3-point increase for his role as a manager or supervisor, for a total offense level of 41. Defendant's guidelines range was 324 to 405 months incarceration.

At the sentencing proceeding, the court granted a variance to apply a 1:1 ratio for powder cocaine, which yielded a guidelines range of 262 to 327 months incarceration. Defendant was sentenced to custody of the Bureau of Prisons for 262 months, to be followed by a term of supervised release for 10 years. Judgment was entered on July 7, 2011. Defendant's current projected release date from the Bureau of Prisons is September 25, 2030.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with one prior "serious drug felony" is subject to a sentence of not less than 10 years and not more than life, to be followed by a term of supervised release of not less than 8 years.

On March 16, 2020, Defendant filed a motion to reduce sentence pursuant to the First Step Act because the penalty for 50 grams of cocaine base has been reduced. The government filed a response in opposition on May 11, 2020, which was supplemented on May 15, 2020. Defendant, through counsel, filed a reply on May 20, 2020. In response, the government argues that the changes to § 841(b)(1)(B) made retroactive by the First Step Act do not change Defendant's guidelines sentence.

A sentence reduction report prepared by the United States Probation Office provides that, utilizing the current calculations pursuant to Amendment 750, Defendant's drug amounts yield a marijuana equivalent of 42,218.52 kilograms. Defendant's career offender total offense level remains at 41 and his criminal history category is I, for an unchanged guidelines range of 324 to 405 months incarceration.

## DISCUSSION

A.     Statutory Mandatory Minimum Sentence

As an initial matter, the court must determine whether the statutory mandatory minimum sentence of 240 months to life for cocaine found in 21 U.S.C. § 841(b)(1)(A) overrides the lower statutory mandatory minimum sentence of 10 years to life for cocaine base established in §

2

841(b)(1)(B).  See United States v. Gravatt, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

In this case, the plea agreement, presentence report, sentencing transcript, and statement of reasons do not distinguish between the powder cocaine or the cocaine base as the ground for determining the statutory penalty under § 841(a)(1)(A). Thus, the record creates an ambiguity as to whether Defendant's sentence was driven by the cocaine or cocaine base portions, or both, of the conspiracy charge.  Where there is ambiguity as to which penalty applies to a defendant, the rule of lenity requires the court to impose the less strict of the two penalties.  See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute"); see also United States v. Rodriquez, 553 U.S. 377, 405–06 (2008) (Souter, J., dissenting) ("The rule [of lenity] is grounded in 'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should,' and . . . means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess. . . ." )(citation omitted)).

Other district courts in the Fourth Circuit have recognized that the rule of lenity applies in First Step Act motions when there is ambiguity as to what was the underlying basis for the sentence imposed, and granted relief based on the penalty from the cocaine base charge of multi-object conspiracy.  See United States v. Jones, Criminal No. JKB-96-00399, 2020 WL 886694, at *2 (D.

3

Md. Feb. 24, 2020) (applying the rule of lenity as to a conviction for conspiracy to distribute cocaine base and heroin, and assuming that the defendant was convicted only of conspiracy to distribute crack cocaine); United States v. Carrie, Cr. No. 3:09-930-04 (CMC), 2019 WL 3493832, at *3 (D.S.C. Aug. 1, 2019) (applying the rule of lenity to conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and finding that, had the Fair Sentencing Act been in effect at the time of sentencing, the defendant would have admitted guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base); United States v. Barber, Cr. No. 0:09-207-04 (CMC), 2019 WL 2526443, at *2 (D.S.C. June 19, 2019) (same). The court finds these decisions to be persuasive. Therefore, the court applies the rule of lenity and finds that Defendant's original sentence was based upon the statutory mandatory minimum sentence for the cocaine base charge of Count 1. Defendant's mandatory sentence under § 841(b)(1)(B) is 10 years to life.

B.      Sentencing Guidelines Calculations

As noted above, Defendant's reduced Guidelines sentence is 324 to 405 months imprisonment based upon the drug amounts attributed to him. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases. The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

As an initial matter, the court finds it appropriate to apply a 1:1 cocaine/cocaine base ratio

as in the original sentencing. This yields 23,971.9 grams of cocaine for a marijuana equivalent of 4,794.38 kilograms (23,971.9 X 200), plus 29.70 kilograms of marijuana, plus a marijuana equivalent for the ecstasy of 125.0 kilograms, for a total of 4,949.08 kilograms of marijuana equivalent for a base offense level of 32; plus a 2-point increase for possessing a firearm, plus a 3-point increase for role in the office, for a total offense level of 37. With a criminal history category of I, Defendant's guidelines range becomes 210 to 262 months incarceration.

The government submits that Defendant's disciplinary record discloses citations for stealing chicken patties from food services in October 2012; interfering with taking count in January 2013; destroying of an item during a search in October 2015; possessing drugs/alcohol in October 2016 and again in August 2017. Defendant has completed his GED while in custody and has taken a number of drug education courses. Defendant has been encouraged to participate in the CDL and cognitive therapy classes, as well as the custodial maintenance apprenticeship program, although it does not appear he has taken advantage of these opportunities.

## CONCLUSION

The court has considered the § 3553(a) factors with respect to Defendant's post-sentencing conduct, especially the history and characteristics of Defendant and the need for the sentence to reflect the seriousness of the offense and provide just punishment for the offense. The court concludes that a guidelines sentence utilizing a 1:1 ratio is appropriate. Accordingly, the court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 210 months, to be followed by a term of supervised release for 8 years. All other provisions of the judgment entered

July 7, 2011 remain in effect.

    **IT IS SO ORDERED**.

                                                   /s/ Margaret B. Seymour
                                                   Senior United States District Judge

Columbia, South Carolina

August 19, 2020.