IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 1:10-466-JFA |
| ) | |
| v.   ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| JERMAINE ANTONIO TILLMAN ) | |
| _____ ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 1730) for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(B) based upon the recent decision of the United States Supreme Court in *Concepcion v. United States*, 142 S.Ct. 2389 (2022) and § 404(b) of the First Step Act of 2018 (FSA).

The government has responded and urges that because the defendant has already received relief under the FSA, then § 404(c) of the FSA forecloses the defendant's efforts for an additional reduction. The defendant has replied thereto.

For the following reasons, the defendant's motion is respectfully denied.

LEGAL STANDARD

The First Step Act of 2018 was signed into law on December 21, 2018. One of the changes in the Act relates to the Fair Sentencing Act of 2010 which, among other things, reduced statutory penalties for cocaine base ("crack") offenses.[1] Specifically, § 404 of the

---

[1] Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger a statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger a statutory range of 5 to 40 years in prison).

1

First Step Act retroactively applies the reduced penalties under the Fair Sentencing Act to "covered offenses" committed *before* August 3, 2010.

The court that imposed a sentence for a covered offense may on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or the attorney for the government, impose a reduced sentence as if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. A court may not entertain a motion to reduce a sentence if the sentence was previously imposed or reduced in accordance with the amendments made by the Fair Sentencing Act of 2010 or if a previous motion to reduce the sentence was denied after a complete review of the motion on the merits. Finally, nothing in the Act shall be construed to require a court to reduce any sentence based on the Act's retroactive application of the Fair Sentencing Act of 2010.

The mechanism for bringing First Step Act (FSA) motion is found at 18 U.S.C. § 3582(c)(1)(B), which states that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). This court's authority for granting an FSA motion is broad. Under this provision, "there is no limiting language to preclude the court from applying intervening case law" when evaluating an FSA motion. *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020). Furthermore, the 18 U.S.C. § 3553(a) "sentencing factors apply in the § 404(b) resentencing context." *Id*. at 674. Finally, "the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id*.

It does not automatically follow, however, that the sentence must be reduced. Indeed, the FSA indicates, in two different sections, that any relief awarded is discretionary with the sentencing court. Under § 404(b) of the FSA, the court "may," but is not required to, grant statutory relief. The discretionary nature of the relief is further emphasized in § 404(c) of the First Step Act. Building on the "may" language in § 404(b), this section provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.

The appellate courts have made it clear that under § 404(b) of the First Step Act, a district court may "impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion v. United States*, 142 S.Ct. 2389 (2022); *see also United States v. McDonald*, 986 F.3d 402, 408–09 (4th Cir. 2021).

When imposing a new sentence under this statutory scheme, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *Id*. at 409; *see also Concepcion*, *Id*. at *10. District courts retain much discretion in these proceedings, and "the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021). In *Concepcion,* the Court has held that district courts must consider, yet need not apply, intervening changes of law when resentencing a defendant under the FSA. ("All that is required is for a district court to demonstrate that it has considered the arguments

3

before it.") *Id*. at 19.  *See also*, *United States v. Reed*, ___ F.4th ___, (4th Cir., Feb. 1, 2023).

## PROCEDURAL HISTORY

At the outset, the defendant was initially sentenced by the Honorable Margaret B. Seymour who retired in August 2022 and upon her retirement, this motion was referred to the undersigned.  The procedural history recited hereinafter reflects the activities in this case while it was before Judge Seymour.

In 2010, the defendant pleaded guilty pursuant to a written Plea Agreement (ECF No. 430)  to Count 1 of the Superseding Indictment which charged possession with intent to distribute and distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.  Pursuant to 21 U.S.C. § 851, the government filed an Information notifying the defendant that he was subject to increased penalties based on a 2003 state conviction for purchase, possession, and control of drugs.  Due to the § 851 enhancement, the defendant faced a mandatory minimum sentence of 240 months or 20 years.

The Presentence Report (PSR) (ECF No. 807) prepared by the U.S. Probation Office calculated the Guidelines as follows:   The defendant was held accountable for more than 12 kilograms of cocaine, more than 11 kilograms of cocaine base, and more than 29 kilograms of marijuana. This resulted in a total marijuana equivalent amount of 223,855.9 kilograms,  which called for a base offense level of 36.  The defendant received a 2-level enhancement for possession of a firearm and a 3-level enhancement for role in the offense, resulting in a total offense level of 41.  The defendant did not receive a 3-level reduction for

4

acceptance of responsibility. With a criminal history category of I and a total offense level of 41, the defendant's advisory Guideline range was 324 to 405 months.

At the June 30, 2011 sentencing, Judge Seymour granted a 1:1 variance equating crack cocaine and powder cocaine, which reduced the offense level down 2 levels from 41 to 39 and brought the defendant's Guideline range down from 324 to 405 months to 262 to 327 months. The defendant was sentenced to 262 months—the low end of the Guideline range—along with a 10-year term of supervision.

In an order filed May 9, 2013 (ECF No. 1144), Judge Seymour denied the defendant's motion under 28 U.S.C. § 2255 wherein he challenged his § 851 enhancement.

*Defendant's First FSA Motion*

In March 2020, the defendant, through counsel, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(B) to reduce his sentence under § 404(b) of the First Step Act (ECF No. 1607). Here, Judge Seymour had to determine whether the statutory mandatory minimum of 240 months to life for cocaine powder under 21 U.S.C. § 841(b)(1)(A) overrode the lower statutory mandatory minimum sentence of 10 years to life for cocaine base established in § 841(b)(1)(B).[2]

---

[2] In her order, Judge Seymour cites the case of *United States v. Gravatt*, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

Although the government opposed the motion and suggested that the defendant was not entitled to consideration of a reduced sentence,[3] in her order (ECF No. 1639), Judge Seymour noted the ambiguity in whether the defendant's sentence was driven by powder cocaine or cocaine base. Applying the rule of lenity,[4] Judge Seymour found that the defendant's original sentence was based upon the 20-year statutory mandatory minimum sentence for the cocaine base charge of Count 1, so that after the application of the First Step Act and § 404(b), the defendant's mandatory minimum sentence under § 841(b)(1)(B) was now 10 years to life.

Judge Seymour also reviewed the defendant's sentencing Guideline calculations and reviewed a sentence reduction report prepared by the USPO. Based upon the drug amounts attributable to him under Amendment 750 of the U.S. Sentencing Guidelines (USSG),[5] the defendant's reduced Guidelines range was unchanged at 324 to 405 months.

Judge Seymour applied the previous 2-level reduction (1:1 ratio) as she did in the original sentencing. Based on a new total of 4,949.08 kilograms of marijuana equivalent,[6]

---

[3] The government consented only to a reduction in the defendant's term of supervision, not his term of imprisonment.

[4] *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute");

[5] The USPO prepared a Sentence Reduction Report (ECF No. 1611) which reflected that the new drug amount attributable to the defendant, after consideration of Amendment 750, was a marijuana equivalent of 42,218.51 kilograms. Defendant's total offense level remained at 41, for an unchanged guideline range of 324 to 405 months' incarceration. Applying the same variance based on the 1:1 ratio, defendant's reduced total offense level became 39 and his guideline range became 262 to 327 months.

[6] Judge Seymour recalculated the new drug amount as follows: "This yields 23,971.9 grams of
(continued...)

this resulted in a base offense level of 32, plus a 2-point increase for possessing a firearm, and a 3-point increase for role in the offense, for an adjusted total offense level of 37. With a criminal history category of I, the defendant's adjusted Guideline range became 210 to 262 months.

After conducting an individualized review of the defendant's § 3553(a) factors, as well as his post-sentencing conduct involving his BOP disciplinary and educational records, Judge Seymour granted the defendant's motion under FSA § 404(b) and reduced his sentence from 262 months to 210 months, along with a reduced term of supervision of 8 years.

*Defendant's Second FSA Motion*

In July 2021, the defendant filed a second First Step Act motion (ECF No. 1689) seeking relief based upon *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020). The defendant acknowledged that he recently received a sentence reduction under § 404(b) of the FSA, but contended that he did not receive the benefit of the Fourth Circuit's decision in *Chambers*. He further argued that he never received a sentence reduction under USSG Amendment 782.

In an order filed on September 9, 2021 (ECF No. 1690), Judge Seymour denied the defendant's second motion under the First Step Act. Therein, she recounted the procedural history of the case and sentencing considerations that resulted in defendant's present 210-

---

[6](...continued)
cocaine for a marijuana equivalent of 4,794.38 kilograms (23,971.9 X 200), plus 29.70 kilograms of marijuana, plus a marijuana equivalent for the ecstasy of 125.0 kilograms, for a total of 4,949.08 kilograms of marijuana equivalent for a base offense level of 32." (ECF No. 1639 at 5).

7

month sentence. Judge Seymour noted that the defendant had already received relief under § 404(b) of the First Step Act by way of her previous order (ECF No. 1639) and he was therefore disqualified under § 404(c) of the FSA from seeking additional relief.

Judge Seymour also denied the defendant's motion for a reduction pursuant to Amendment 782, citing to her previous order (ECF No. 1381) wherein she determined that Amendment 782 did not have the effect of lowering the defendant's Guideline range because he already received a 2-level (1:1 ratio) reduction at his original sentencing.

*Defendant's Third and Present Motion for Relief*

The defendant is serving his 210-month sentence at FCI Texarkana. His anticipated release date is July 2027. He has received credit for time served since July 2011.

On July 21, 2022, the defendant filed the current, third motion for a reduction in his sentence (ECF No. 1730) wherein he cites *Concepcion v. United States* as a basis for a further reduction.[7] The defendant contends that he was charged and arrested prior to the Fair Sentencing Act of 2010, but he still faced the harsh statutory mandatory penalties under the old law. The defendant states that it is clear he would have received a lesser term of imprisonment had he been sentenced today under present law versus what he faced at his

---

[7] In the case of *Concepcion v. United States*, 142 S.Ct. 2389 (2022), the Supreme Court altered the calculus to be employed by the court in deciding a First Step Act motion. In short, *Concepcion* requires that district courts recalculate the Guidelines "as if the Fair Sentencing Act's amendments had been in place at the time of the offense." 142 S. Ct. at 2402 n.6. "The district court may then consider postsentencing conduct or nonretroactive changes [in the law] in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.* District courts must, though, "consider intervening changes when parties raise them." *Id.* at 2396. Post-sentencing conduct includes mitigating (e.g., rehabilitation) as well as aggravating (e.g., violence or prison infractions) circumstances.

initial sentencing. He asserts that this has had a stressful impact on him because he did not receive fair justice. He also contends that the ongoing COVID-19 pandemic has added to his stress. Finally, he contends that there are two limitations on a district court's discretion under § 404(c): (1) a court cannot consider a First Step Act motion if the defendant's sentence was already reduced thereunder or (2) if the court considered and rejected a motion under the First Step Act. He avers that neither limitation applies here so that this court is not prohibited from considering any other arguments in favor of a sentence modification.

The defendant asks the court to consider all relevant factors which include his post-sentencing rehabilitation, the effect that COVID-19 pandemic had on the severity of his sentence, and the amount of time he has already served. In his reply, the defendant notes that the government did not argue that this court is required to consider § 3553(a) factors. He also asserts that the § 3553(a) factors weigh in his favor; he has remorse for his crimes; he has rehabilitated himself; and he has served a sufficient amount of time to satisfy the offense to which he pleaded guilty.

The government counters that the defendant has already received a reduction pursuant to § 404(b) of the FSA provisions and thus the defendant's motion should be denied pursuant to § 404(c) which provides:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act [] or if a previous motion made under this section to reduce the sentence was, after the date of enactment, denied a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

9

First Step Act, Pub. L. No. 115-391, 132 Stat. at 5222 (2018).

The defendant appears to argue that *Concepcion* modified or eliminated the provision in § 404(c) which prohibits successive motions. However, his arguments are misplaced. Judge Seymour has already reduced the defendant's sentence under FSA § 404(b) and this court is prohibited from entertaining another successive motion under § 404(c).

Lastly, the defendant again renews his request for relief pursuant to USSG Amendment 782 and contends that he would have been eligible for such a 2-level reduction had FSA § 404(b) been in effect at the time he was originally sentenced. However, Judge Seymour has already considered and overruled defendant's argument regarding Amendment 782 in her order of September 9, 2021 (ECF No. 1690)(. . . "[t]he court has already determined that Amendment 782 has no impact on the defendant's Guideline range because he received a 2 level reduction at sentencing.") Judge Seymour's ruling on this issue went unappealed by the defendant. The defendant may not use a simple expedient of filing a second, successive motion to raise an argument that was considered and rejected by the court at an earlier time and not timely appealed. Indeed, a defendant can only make one motion for a sentence reduction pursuant to a retroactive amendment to the Sentencing Guidelines. *US v. Guerroro*, 946 F.3d 983, 989–90 (7th Cir. 2020) (noting that a defendant has only "one bite at the apple per retroactive amendment to the sentencing guidelines.")

CONCLUSION

The court has carefully considered the full record in this matter and the relevant statutes and case law. For the reasons stated herein, the defendant's motion (ECF No. 1730) is denied.

IT IS SO ORDERED.

February 7, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge